FILED
2008 Aug-18 PM 12:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| Linda Judd, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 08-G-0092-M |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The plaintiff, Linda Judd, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## DISCUSSION

The plaintiff has filed a motion for a remand pursuant to Sentence six of 42 U.S.C. § 405(g) for the consideration of new evidence.  The proffered evidence consists of treatment record of a psychiatric hospital admission from February 12, 1997, through February 20, 1997.  A review of the evidence reveals that it meets the three requirements for a sentence-six remand.

In this circuit a three prong test is applied to determine whether a remand for consideration of new evidence is proper pursuant to sentence six of 42 U.S.C. § 405(g).  The claimant must establish:

(1)  That there is new, noncumulative evidence;

(2)  That the evidence is material; and

(3)  That there is good cause for failure to submit the evidence at the administrative level.

Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986).  The Commissioner in brief concedes that both the first and third requirements have been met.

To be material the proffered evidence must be "relevant and probative so that there is a reasonable possibility that it would change the administrative result."  Caulder, at 877.  The new evidence submitted by the plaintiff contains new and noncumulative evidence relating to the plaintiff's ability to perform work related activities during the relevant period of time.  The Commissioner argues

that evidence from a psychiatric hospitalization nine months prior to the alleged date of onset, November 27, 1997, would not be likely to change the administrative result. The court finds this argument unpersuasive.

Accordingly, the new evidence satisfies the requirements of sentence six of 42 U.S.C. § 405(g) and the court will remand the action under that sentence for consideration of the new evidence.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 18 August 2008.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.